IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLVIN MCCRIGHT,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>JOE MCGRATH, Warden,<br><br>　　　　Respondent. | No. C 05-03266 JW (PR)<br><br>ORDER TO SHOW CAUSE |

Petitioner, a prisoner of the State of California, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This Court dismissed the petition as a second or successive petition, finding that petitioner had filed six previous petitions of which at least three raised the same issue he raised in the instant petition.  However, the Ninth Circuit found the petition was not second or successive and that petitioner was bringing a new challenge to the California Board of Prison Term's decision denying parole in 2003.  Accordingly, the Court orders Respondent to show cause why the writ should not be granted on the merits.

**BACKGROUND**

According to the allegations in the petition, a San Francisco Superior Court jury

Order to Show Cause
P:\PRO-SE\SJ.JW\HC.05\McCright3266_osc2.wpd

1  found petitioner guilty of murder in the first degree. In December of 1972, he was
2  sentenced to seven years to life in state prison.
3      Petitioner has been found unsuitable for parole each time he has appeared before
4  the California Board of Prison Terms ('BPT"). In the instant petition, petitioner challenges
5  the BPT's May 29, 2003 decision finding him unsuitable for parole. On June 8, 2005, the
6  Supreme Court of California denied his challenge to the BPT's decision, citing In re
7  Dannenberg, 34 Cal.4th 1061 (2005), In re Rosenkrantz, 29 Cal.4th 616 (2002), and People
8  v. Duvall, 9 Cal.4th 464, 474 (1995). Petitioner filed the instant federal habeas petition on
9  August 10, 2005.

## STANDARD OF REVIEW

12      This Court may entertain a petition for a writ of habeas corpus "in behalf of a
13  person in custody pursuant to the judgment of a State court only on the ground that he is in
14  custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.
15  § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ
16  or issue an order directing the respondent to show cause why the writ should not be
17  granted, unless it appears from the application that the applicant or person detained is not
18  entitled thereto." 28 U.S.C. § 2243. Federal courts have a duty to construe pro se petitions
19  for a writ of habeas corpus liberally. Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001).
20      Petitioner alleges that the BPT is violating his due process rights by failing to set a
21  fixed term. Specifically, petitioner challenges the BPT's May 29, 2003 decision, denying
22  parole. Liberally construed, petitioner appears to raise a cognizable claim. Accordingly,
23  Respondent is directed to SHOW CAUSE why the petition should not be granted.
24      Petitioner filed a motion for sanctions (Docket No. 27) under Rule 11 of the Federal
25  Rules of Civil Procedure, claiming that Respondent's motion to dismiss was legally
26  frivolous and contrary to the law. The Court finds that Respondent's motion was not made
27  for an improper purpose, neither was it frivolous, nor did it lack support. Fed. R. Civ. P.
28  11(b)(1)-(4). Accordingly, petitioner's motions for sanctions (Docket No. 27) is DENIED.

**CONCLUSION**

1.  The Clerk of the Court shall serve by certified mail a copy of this Order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on the Petitioner at his most current address.

2.  Respondent shall file with this Court and serve upon Petitioner, no later than **sixty (60) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer a copy of all portions of the State trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent no later than **thirty (30) days** of his receipt of the Answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **thirty (30) days** after the date Petitioner is served with Respondent's Answer.

3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion no later than **thirty (30) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply no later than **fifteen (15) days** of receipt of any opposition.

4.  It is Petitioner's responsibility to prosecute this case. Petitioner must keep the court informed of any change of address by filing a separate paper with the Clerk of the Court headed "NOTICE OF CHANGE OF ADDRESS," and comply with any orders of the Court within the time allowed or ask for an extension of that time. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). See Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (Rule

1  41(b) applicable in habeas cases).

2      5.    Petitioner is reminded that all communications with the Court, whether by way of formal legal motions or informal letters, must be served on Respondent by mailing a true copy of the document to Respondent's counsel.

    6.    Extensions of time are not favored, though reasonable extensions will be granted. However, the party making a motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is issued. Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

This order terminates Docket No. 27.

DATED:  July 24, 2008

JAMES WARE
United States District Judge

Order to Show Cause
P:\PRO-SE\SJ.JW\HC.05\McCright3266_osc2.wpd          4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

COLVIN MCCRIGHT,

        Petitioner,

  v.

JOE MCGRATH, Warden,

        Respondent.
                                         /

Case Number: CV05-03266 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____8/6/2008_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Colvin McCright B-08892
Pelican Bay State Prison
5905 Lake Earl Drive
P.O. Box 7000
Crescent City, CA 95532

Dated: _____8/6/2008_____

                                          Richard W. Wieking, Clerk
                                    /s/  By: Elizabeth Garcia, Deputy Clerk